John L. SILVERMAN, Plaintiff,

v.

Robert J. McGUIRE, as Police Commissioner of the City of New York; Michael J. Codd; Philip R. Michael; the City of New York; and the New York City Police Department, Defendants.

No. 80 Civ. 7111.

United States District Court,
S.D. New York.

Feb. 26, 1982.

Schofield & Dienst, New York City, for plaintiff.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants.

GAGLIARDI, District Judge.

Plaintiff John L. Silverman, a former officer of the New York City Police Department, commenced this action under 42 U.S.C. § 1983, alleging that his dismissal from the Police Department violated his rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks injunctive, declaratory and monetary relief. Named as defendants are Robert J. McGuire, New York City Police Commissioner, Michael J. Codd, former Police Commissioner, Philip R. Michael, Deputy Commissioner, the City of New York, and the New York City Police Department. Defendants have moved for judgment on the pleadings pursuant to Rule 12(c), Fed.R. Civ.P., or in the alternative for summary judgment pursuant to Rule 56, on the grounds that the action is barred both by the statute of limitations and under the doctrine of *res judicata*.[1] For the following reasons the court concludes that the action is barred by the statute of limitations and defendants' motion for summary judgment is granted.

*Facts*

The facts dispositive of defendants' motion are not in dispute.

Plaintiff became a police officer on October 1, 1970. On December 4, 1974 plaintiff was served with a set of misconduct charges which alleged *inter alia* that he had knowingly associated with a person engaged in unlawful activities and made false statements regarding his address on motor vehicle registration and driver's license applications. Plaintiff was served with a second set of misconduct charges on October 28, 1975. On November 17, 1976 plaintiff pleaded, or, according to defendants, offered to plead, *nolo contendere* before defendant Michael, acting as Trial Commissioner, in exchange for a penalty of thirty days loss of pay plus one year probation. According to plaintiff, the plea was entered pursuant to a contractual arrangement agreed upon by plaintiff and Michael one month earlier. According to defendants, there was no firm agreement and the plea was conditional on approval by the Police Commissioner. On January 5, 1977 Michael recommended that plaintiff's plea be accepted. Sometime before April 7, 1977 Police Commissioner Codd rejected Michael's recommendation. The Police Department conducted a trial on April 7, 17 and 27, 1977, and plaintiff was found guilty of nine of

1. Defendants also move to dismiss plaintiff's Fourth Amendment claim on the ground that it is conclusory and vague.

the ten charges against him. On November 30, 1977 Codd ordered plaintiff dismissed. Plaintiff was formally notified of the dismissal on December 1, 1977.

On March 24, 1978 plaintiff commenced an Article 78 proceeding in New York Supreme Court, arguing that his dismissal was arbitrary and capricious. On July 18, 1978 the Supreme Court vacated the Police Commissioner's decision and remanded for reconsideration. Defendants then appealed to the Appellate Division, First Department. On March 22, 1979 the Appellate Division ordered that plaintiff be reinstated as a police officer pending appeal and plaintiff was restored to duty on October 10, 1979. The Appellate Division affirmed the Supreme Court's ruling on January 29, 1980. On November 18, 1980 the Court of Appeals reversed the ruling of the Appellate Division and ordered that the Police Commissioner's dismissal be reinstated. On December 11, 1980 Police Commissioner McGuire issued a final order of dismissal which stated: "I hereby DISMISS Police Officer John Silverman from the Police Service of the City of New York, effective November 18, 1980, the date of the Court of Appeals' decision re-instating the dismissal order of (former) Police Commissioner Michael J. Codd, dated November 30, 1977." Plaintiff commenced this action on December 15, 1980.

### Discussion

Defendants argue that plaintiff's cause of action accrued when plaintiff was dismissed on December 1, 1977 and that this suit, which was commenced on December 15, 1980, is barred by New York's three-year limitation period for statutory actions, N.Y. Civ.Prac.Law § 214(2) (McKinney Supp. 1979–1980), applicable to § 1983 actions brought in federal district courts in New York. *Pauk v. Board of Trustees,* 654 F.2d 856, 861 (2d Cir.1981). In opposition, plaintiff contends: (1) that this is an action for the impairment of contractual rights in vio-

lation of the Contract Clause of the Constitution and consequently the applicable limitation period is the six-year period provided by N.Y.Civ.Prac.Law § 213(2) for contract actions; (2) that the cause of action, whether statutory or contractual, did not accrue until plaintiff's final dismissal on December 11, 1980; (3) that the limitation period was tolled during the fourteen-month period that plaintiff was reinstated as a police officer pending defendants' appeals to the Appellate Division and Court of Appeals; and (4) that application of the three-year limitation period of § 214(2) to bar plaintiff's claim would be inconsistent with the policies underlying § 1983. Plaintiff's contentions shall be addressed *seriatim.*

First, regardless of whether plaintiff's claim arises under the First Amendment, or the Sixth Amendment, or the Due Process Clause, or, as plaintiff asserts, the Contract Clause, the applicable limitation period is the three-year period provided by § 214(2) for an action "to recover upon a liability . . . created or imposed by statute," and not the six-year period provided by § 213(2) for an action "upon a contractual obligation or liability." This is not a breach of contract action predicated on the court's diversity jurisdiction. Plaintiff is suing under 42 U.S.C. § 1983 to redress the alleged deprivation of his rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments. In an analogous case, the Second Circuit recently held that a § 1983 action, brought by a university professor more than three years after the denial of his tenure application, was time-barred by § 214(2) despite the professor's contention that denial of tenure violated his contractual rights. *Pauk, supra,* 654 F.2d 856. The Second Circuit there stated: "appellant is not suing for breach of contract; he is suing under § 1983 for the constitutional tort alleged to have occurred when his tenure application was rejected in violation of his First Amendment rights." 654 F.2d at 863.[2] Thus, the instant cause of action,

---

**2.** The Second Circuit further found that the contractual obligation asserted in *Pauk* merely incorporated preexisting obligations and that

under New York law the limitation period applicable to such contractual claims is not the period for contract actions but the period ap-

commenced under § 1983, is governed by the three-year limitation period uniformly applicable to § 1983 actions brought in district courts in New York.

■ Second, there is no doubt that plaintiff's cause of action accrued by December 1, 1977 when plaintiff was first dismissed. A claim under § 1983 accrues when plaintiff knows or has reason to know of the injury that is the basis of his action. *Pauk, supra,* 654 F.2d at 859; *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). All of the allegedly unconstitutional acts set forth in the complaint occurred before December 1, 1977, and plaintiff had clearly suffered the injuries that are the basis of his action—the alleged denial of due process, breach of the plea agreement, and discharge—by December 1, 1977. Under these circumstances, plaintiff's contention that his cause of action did not accrue until his final dismissal on December 11, 1980 is without merit. *See Delaware State College v. Ricks,* 449 U.S. 250, 257–58, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1981) (cause of action under § 1983 accrued at time that plaintiff's application for tenure was denied although plaintiff continued to be employed on a non-tenured basis for one year thereafter).

■ Third, following the reasoning of the Supreme Court in *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the court concludes that under New York law the running of the applicable three-year limitation period was not tolled during the fourteen-month period that plaintiff was reinstated as a police officer pursuant to the order of the Appellate Division. In *Tomanio,* the Supreme Court held: (1) that New York's tolling rules apply to § 1983 actions commenced in district courts in New York; (2) that "[n]o section of [New York's tolling] law provides . . . that the time for filing a cause of action is tolled during the period in which a litigant pursues a related but independent

cause of action," 446 U.S. at 486, 100 S.Ct. at 1796 (footnote omitted); and (3) that application of New York's tolling rule to the plaintiff would not be inconsistent with the policies underlying § 1983. Plaintiff's temporary reinstatement during the course of the state court proceedings does not distinguish this case from *Tomanio* under New York tolling principles. Nothing in New York law permits tolling of the limitation period during the time that a plaintiff pursues alternative remedies, whether successfully or not.[3] As the Supreme Court stated in *Tomanio,* "[i]f a plaintiff wishes to pursue his claims in succession, rather than concurrently, the legislature has required the plaintiff either to obtain a judicial stay of the time for commencing an action, or to litigate at risk." 446 U.S. at 486–87, 100 S.Ct. at 1796. Plaintiff's temporarily successful pursuit of relief in state court did not therefore toll the limitation period for the commencement of this action.

■ Plaintiff's final contention—that the application of New York's tolling rules here would be inconsistent with the policies underlying § 1983—may be disposed of under *Tomanio*'s holding that New York's tolling rules in that case were consistent with federal policies. In *Tomanio,* after noting that Congress has not required that plaintiffs exhaust state remedies prior to commencing § 1983 actions in federal courts, the Supreme Court stated that "[u]nless [the federal] remedy is structured to require previous resort to state proceedings, . . . it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time necessary to pursue alternative state-court remedies." 446 U.S. at 490–91, 100 S.Ct. at 1798. The Court further found that the intent of Congress was to adopt the states' rules of limitations and that "[h]ere New York has expressed by statute its disfavor of tolling its statute of limitations for one action while an independent action is being pursued."

propriate to the nature of the cause of action. 654 F.2d at 863.

**3.** In *Tomanio* as well the plaintiff initially secured relief in state court. 446 U.S. at 481, 100 S.Ct. at 1793.

446 U.S. at 492, 100 S.Ct. at 1799. As to the specific purposes of § 1983, the Court has stated that "[t]he policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Robertson v. Wegmann*, 436 U.S. 584, 590–91, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978). In *Tomanio,* the Court concluded that "[n]either of these policies is significantly affected by this rule of limitations since plaintiffs can still readily enforce their claims, thereby recovering compensation and fostering deterrence, simply by commencing their actions within three years." 446 U.S. at 488, 100 S.Ct. at 1797. Plaintiff argues that application of the New York tolling rule here would subvert his federal right in that he could not have commenced a § 1983 action during the period that he was reinstated. However, had plaintiff commenced a § 1983 action during the period of his reinstatement pending appeal, under well-established principles a federal court would have stayed, not dismissed, the action until the completion of state court proceedings in order to protect plaintiff from the running of the statute of limitations. *See Singleton, supra,* 632 F.2d at 193. Moreover, as the Supreme Court has emphasized, the federal remedy is independent of and supplementary to state court remedies, *Tomanio, supra,* 446 U.S. at 490–91, 100 S.Ct. at 1798, and although plaintiff successfully gained reinstatement pending appeal, reinstatement is only one of the several forms of relief that plaintiff seeks here. The reinstatement does not therefore provide a basis for distinguishing *Tomanio*'s ruling that application of New York's tolling rule is consistent with federal policies.

The court accordingly finds that plaintiff's cause of action is time-barred. The complaint is dismissed.

So Ordered.